(No. 5670

JOSEPH FRANCIS BUSKING, a minor, by IRENE BUSKING, his mother and next friend, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1972.*

REED AND LUCAS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; BRUCE FINNE and JAMES RUBIN, Assistant Attorneys General, for Respondent.

BURKS, J.

Claimant in this action seeks damages for the loss of vision in his right eye, allegedly caused by the negligent act of an employee of the respondent.

The evidence introduced at the hearings reveals that on March 5, 1965, while claimant was confined to the Pere Marquette State Boys' Camp, claimant's eye was struck by a glass shard from a broken door panel. The glass panel shattered when an employee of the State of Illinois struck it with his hand or fist while waving claimant away from the door. Claimant was then 15 years of age. As a result of said injury, claimant has suffered severe and permanent injuries, including total irreversible blindness of his right eye.

The facts in this matter are relatively simple and largely uncontroverted. The respondent presented no witnesses.

The claimant, as punishment for certain misdeeds at the camp (smoking), was not permitted on the day of the accident to enter a television room off a main recreational building at the Camp. A certain door, with a diamond-shaped glass panel, led from the main part of the building to the television room. The claimant, with another companion (James J. Halpin), attempted to watch television through the glass panel. They were waved away by a State of Illinois employee, one Stanley Miller, whose principal duty was the supervision and control of inmates at the Boys' Camp. Claimant and Mr. Halpin both testified that Miller first waved them away by knocking his fingers against the glass panel. Later, both boys returned to the door and resumed their attempt to watch a television program through the door and resumed their attempt to watch a television program through the door's glass panel.

Miller again waved them away and the claimant withdrew his face from the window. He then immediately put his face back close to the window again. Whereupon Miller rapped on the window again, this time with his fist. The window broke and a glass shard struck the claimant's right eye.

The claimant's face began to bleed and he was taken to the washroom by a Mr. King, another employee at the institution. There the area of the right eye was cleansed. The claimant explained that at this time the vision in his right eye was limited to "bubbly like", "like looking through a microscope". He was then taken to the Jerseyville Community Hospital which was the nearest medical facility available. He received only emergency treatment there. From the Jerseyville Community Hospital the claimant was taken to St. Joseph's Hospital in Alton, Illinois. He was examined by a Dr. Kinney, an eye specialist. He was admitted to this hospital as an inpatient, and the following morning (March 6, 1965) surgery under general anesthesia was performed on the right eye. He remained a patient in St. Joseph's Hospital for about five days. Dr. Kinney made daily examinations and medication was applied directly to the eye.

Upon discharge from St. Joseph's Hospital, the claimant returned to Pere Marquette. Following his discharge he saw Dr. Kinney on a weekly basis for four or five weeks. He left Pere Marquette in May of 1965 and returned home to Chicago. In Chicago he was sent to Illinois Research and Educational Hospital where he was treated by Michael Lipsich, M.D..

After many outpatient treatments and consultations at Illinois Research, the claimant was admitted as an inpatient on October 12, 1966. On that date he underwent a combination keratoplasty, iridotomy and sphincterotomy

operation under general anesthesia. The operations were performed by Michael Lipsich, M.D., with H. Schatz, M.D., assisting. The post-operative period was complicated by a severe anterior chamber hemorrhage which took ten days to clear. He was discharged on October 26, 1966, and ordered to apply Atropine and Hydrocortisone medication each twice daily. He was to wear a shield over his right eye at all times and engage only in moderate activities. At the time of discharge his vision was limited to light perception and projection. On November 16, 1966, as an outpatient, the claimant's eye was cauterized to stop a hemorrhage condition that had developed.

On July 20, 1970, the claimant was examined by William Rosenberg, M.D., a physician specializing in the practice of Opthalmology. This examination was conducted at the request of the respondent, pursuant to its letter of June 26, 1970. Dr. Rosenberg's report substantiates the fact of the claimant's corneal laceration and the surgical procedures which followed. He reports that the claimant has only finger-counting ability in the right eye at a distance of one foot and that the prognosis for improved vision is poor. When the claimant was examined in October of 1970 by his former opthalmologist, Dr. Michael P. Lipsich, the report generally corroborates the respondent's examining physician's findings.

The medical evidence supports a finding that claimant has suffered severe, painful and permanent injuries to his right eye amounting to almost total blindness in that eye.

We turn now to the question of the proximate cause of claimant's injury. Claimant contends that respondent, through its agent and servant, Stanley Miller, was negligent in knocking at a glass window when he knew the claimant's face was directly on the other side.

Claimant does not allege that Mr. Miller intended to

break the glass nor that he knew the glass would break from the force of his blow. Claimant charges that Miller should have foreseen or anticipated the probable consequences of his negligent act. Both parties agree that foreseeability is one of the tests of proximate cause. We believe that the rule applicable in this case is stated in *I.L.P. Negligence §105* as follows:

"The injury or damage must be of such a character that a man of ordinary prudence, sagacity, and experience ought to have foreseen it might probably occur as a result of the negligent act. If the injury or damage is one which could not have been foreseen as a probable result, the act complained of is either a remote cause of the injury or damage or not cause at all.

"On the other hand, where it could have been reasonably foreseen that some injury might result from the negligent act complained of, it is not essential that the precise consequences which actually resulted therefrom should have been foreseen. So it is not necessary that the exact particulars of the accident which actually occurred, or that the precise injury or damage which resulted, should have been foreseen."

Applying the above rule to the facts in this case, we believe that respondent's employee, Stanley Miller, was negligent and that his negligence was the proximate cause of claimant's injury. Mr. Stanley Miller selected an improper and unnecessary method of warning the claimant to stop watching TV through the glass window of the door. It was improper because a reasonable person knows, or should know, that window glass can break and will break if enough pressure is applied. Window glass does not always break with a knock, but when you can see a person's face directly opposite you on the other side, it is negligence to strike the glass. It was unnecessary negligence because the door could easily be opened and there was no reason to communicate with a boy through a closed door by striking the glass with his fist. On prior occasions Mr. Miller opened this very door when he wanted to talk to someone on the other side.

Respondent concedes that claimant's injury was

proximately caused by the blow struck by respondent's employee. The State does not argue that a shattering of glass by a blow of this nature is unforeseeable as a matter of law. It merely contends that the consequences were not "within anyone's normal expectations". This contention does satisfy the rule, stated above, which is based upon foreseeability and not expectations.

The final issue raised by the respondent is whether the claimant was free from contributory negligence. Arguing that "foreseeability is a two-way street", respondent contends that claimant should have anticipated Miller striking the glass with his fist; that the glass might shatter; and that the claimant thus knowingly exposed himself to the danger of foreseeable injury (*citing I.L.P. Negligence §125*). We could not impute such exceptional foresight to an adult person under the facts presented in this case, and much less to a boy of 15. There was nothing in Mr. Miller's previous conduct to suggest that he would react at this time as violently as he did. While claimant was acting improperly in putting his face near the glass panel in order to watch television, after being warned not to do so, the injuries which he suffered did not come within the particular risk created by his own conduct.

In arriving at the amount of claimant's damages, we have taken into account the extreme pain and suffering which claimant endured over a long period of time; the loss of earning capacity due to his disability and permanency of his injury. The spector of living out his life essentially blind in the right eye is the cold reality this claimant faces and has faced since 1965 when he was 15 years of age. We believe that the nature and extent of the claimant's injuries fully supports an award of the maximum amount that was recoverable in an action against the respondent on the date of the accident.

The claimant, Joseph Francis Busking, is hereby awarded damages in the sum of $25,000.